# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

DRACHYR MACIAS,                    :

    Plaintiff,                    :

v.                                 :          CA 12-00525-WS-N

SUNTRUST MORTGAGE, INC.,           :

    Defendant.                    :

## REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge *sua sponte* for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). As explained below, it is **RECOMMENDED** that plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

### I.      Findings of Fact.

This matter was removed to this Court on August 21, 2012. (*See* Doc. 1.) The defendant filed a motion to dismiss (Doc. 8) on September 20, 2012, and, in response, the plaintiff filed an amended complaint (Doc. 10) on September 28, 2012. The Rule 16(b) scheduling order (Doc. 15), entered on December 10, 2012, set discovery the discovery cutoff as June 30, 2013, and the Court's docket as to this matter remained quiet until the end of May 2013.

On May 20, 2013, then-counsel for the plaintiff, Richard L. Watters, filed a motion to withdraw (Doc. 16), documenting his repeated failed attempts to contact the plaintiff over the telephone and through the mail. On February 27, 2013, counsel wrote, "We need you to provide us as soon as possible with any and all

documentation you have or can get that shows the payments you have made on the [applicable mortgage.]"   (Doc. 16-1 at 1.)   On April 2, 2013, counsel, in a certified letter, wrote, "Contact our office immediately in regard to the above styled matter." (*Id.* at 2.)   The plaintiff failed to pick-up that letter from the post office.   (*See* Doc. 16, ¶ 4.)   And on May 16, 2013, a hand-delivered letter to the plaintiff informed him:

> Please contact our office immediately in regards to the above styled matter.   I have attempted to communicate with you unsuccessfully by both regular mail and certified mail.   If you do not respond to this attempt, I will have not choice but to file a motion to withdraw from your lawsuit.

(Doc. 16-1 at 4.)   Mr. Watters's motion informs the Court that the plaintiff failed to contact his office in response to this final letter.

On May 20, 2013, the undersigned granted the motion to withdraw and ordered the plaintiff to, no later than June 13, 2013, "either 1) hire new counsel, in which case counsel shall file a notice of appearance in this action by said date, or 2) notify the court, in writing, that he intends to proceed *pro se*." (Doc. 17.)   The order, mailed to the address the plaintiff's former counsel provided in the motion to withdraw, was returned to the Court as undeliverable.   (Doc. 18.)

## II.   Conclusions of Law.

Courts no doubt possesses the power to dismiss an action "for failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240

2

(11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed. R. Civ. P., expressly "authorizes a district court to dismiss a complaint for . . . failure to comply with a court order"), but the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). Such conduct includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute).

First, by not responding to the undersigned's May 20, 2013 order, the plaintiff has clearly defied an order of this Court. Further, based on former counsel's repeated attempts to contact the plaintiff and the Court's failed attempt to contact the plaintiff, further efforts to contact the plaintiff—at his last known address; an address that is "vacant" according to the postal service (*see* Doc. 18)—will no doubt be wasteful expenditures of the Court's time. *See Chamorro*, 304 F.3d at 4-5;

3

*compare* S.D. ALA. L.R. 83.9(c) ("Any person proceeding in this Court *pro se* shall, at all times during the pendency of the action to which he or she is a party, keep the court informed of his or her current address and telephone number, and shall promptly inform the court of any change in such address. ***A party's failure to comply may result in the dismissal of the party's action for failure to prosecute and obey the rules of this Court.***") (emphasis added), *with Ford v. Ray*, No. 1:04-CV-42 (WLS), 2006 WL 1735901, at *2 (M.D. Ga. June 20, 2006) (observing that service at a plaintiff's last known address constitutes constructive notice and that any failure to respond after such service "can only be considered to be a failure to diligently prosecute [an] action as required by Rule 41(b)").

## III.   Conclusion.

The undersigned—after consideration of lesser sanctions, which the undersigned believes will not suffice given the record in this case—therefore **RECOMMENDS** that the Court **DISMISS** the plaintiff's case **WITHOUT PREJUDICE**, pursuant to Rule 41(b), for failure to prosecute and for failure to abide by the orders of this Court.

The fourteen-day window for the filing of objections, see below, provides the plaintiff ample time to bring to the attention of the District Judge any excuse(s) for his failure to prosecute this matter.

## IV.   Notice of Right to File Objections.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or

anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of June, 2013.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**